UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARRIE JACKSON,

        Plaintiff,

                                       Case number 06-12341

v.                                    Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

<u>ORDER</u>

      In this lawsuit, the Plaintiff, Carrie Jackson, ("Jackson"), challenges a final decision by the Defendant, Commissioner of Social Security ("Commissioner"), who had denied her application for Supplemental Security Income. Relying upon the language in Fed.R.Civ.P. 56, Jackson and the Commissioner filed motions for summary judgment, with each party claiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

      On January 30, 2007, Magistrate Judge Donald A. Scheer, to whom these two dispositive motions had been submitted for evaluation, produced a report in which he recommended, in essence, that this Court deny Jackson's motion for summary judgment, and grant the Commissioner's application for dispositive relief. In his report, the magistrate judge opined that there was substantial evidence, upon which to conclude that Jackson had retained a residual functional capacity for a limited range of work. For the reasons that have been set forth below, the Court accepts the recommendations of the magistrate judge within his report.

1

I.

On December 20, 2002, Jackson filed an application for Supplemental Security Income, contending that she was disabled and had been unable to work since July 7, 1999. She attributed this state of unemployment to her uncontrollable diabetes and mental depression. When her application was rejected, she sought and obtained a hearing before an administrative judge.  At the time of the hearing, Jackson was twenty-eight (28) years old, had acquired a 9th grade education, and was employed as a grocery store cashier. These employment responsibilities required her to stand for most of her work shift, and handle, grip and manipulate small and large consumer items.[1] She voluntarily relinquished her job in May of 1998 because of the ill effects of the diabetes.[2]

During the hearing, Pauline McEachin, a vocational expert, characterized Jackson's past employment as a light and unskilled activity.  However, it was McEachin's belief that if Jackson was capable of engaging in light tasks, there were a variety of clerical, security guard, and receptionist positions that she could undertake. On February 15, 2005,[3] the administrative law judge, to whom the case was assigned, determined that Jackson had retained the ability to perform a restricted range of light work.[4]  In rendering this decision, the administrative law judge

---

[1] According to Jackson, she had the ability to lift approximately ten (10) pounds.

[2] Jackson's side effects included a numbness in her limbs, as well as experiencing great difficulty in concentrating.

[3] Jackson appeared before the administrative law judge without the benefit of an attorney. Despite contending otherwise, she validly waived her right to counsel. Following the hearing, Jackson retained the assistance of an attorney in order to proceed with subsequent proceedings.

[4]
During the hearing, Jackson complained that she had difficulties holding onto objects because of the numbness in her hands. Jackson also claimed that back stiffness and joint pain prevented her from engaging in any activities which required exertion.  While attending the hearing in a wheelchair, Jackson indicated that she was not able to walk for any distances greater than a few feet.  In addition,

2

recognized that she was impaired as a result of a bi-polar disorder, insulin dependent diabetes, peripheral neuropathy and cannabis dependency.  Notwithstanding, it was his opinion that her impairments were not sufficiently severe to meet or equal a listing of impairments, noting that she had retained the residual functional capacity to perform a significant number of light jobs.  The Appeals Council affirmed.  An appeal to this Court followed.

II.

An appeal from the final decision by the Commissioner of Social Security is subject to review by a district court in order to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g).  "Substantial evidence" is considered to be "more than a scintilla but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229, (1938)).  "It is such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Accordingly, "findings based on [the] credibility of the applicant are to be accorded great weight and deference," and should not be disturbed.  *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997).  Furthermore, the district court must evaluate the administrative record as a whole.  *Walker v. Secretary of Health,* 884 F.2d 241, 245 (6th Cir. 1989).

Unless an impairment prevents a claimant from returning to her previous work or participating in a substantial, gainful activity within the national economy - especially when the claimant's age, education, and work experiences are considered - she is not entitled to receive

---

she complained of incontinence, visual ailments, mental depression, sever anxiety and mood swings. Notwithstanding, Jackson acknowledged that she was able to perform such household chores as cooking, cleaning, and shopping.  The majority of her time was spent at home rearing her children, reading books, watching television, and visiting friends.

disability benefits.  42 U.S.C. § 423(d)(2)(A).  If a claimant bases her application for disability benefits on severe pain, she must demonstrate that the objectively established medical evidence confirms the intensity of the alleged pain, or is of such severity that it is reasonable to assume that the pain resulted from the condition.  *Brown v. Bowen,* 1987 U.S. App. LEXIS 16897, 13 (6th Cir. 1987).

### III.

In his evaluation of the record, the magistrate judge, to whom the parties' summary judgment motions were assigned for a report and recommendation, opined that (1) there was substantial evidence which supported the Commissioner's determination that Jackson had retained the residual capacity to perform a range of light work which included a sit-stand employment option, and (2) the objectively established  medical evidence did not support her allegations of disabling pain.

In expressing her disagreements with the recommendations within the magistrate judge's report, Jackson contends that his opinions, as well as the decision by the administrative law judge, should be reversed.  She initially asserts that the administrative law judge erroneously rejected the conclusions of the orthopedic examiner whose medical conclusions supported her claims of a disabling pain. Jackson also challenges the report of the magistrate judge who, in her opinion, proffered recommendations that were not based upon the objectively established evidence that had been placed on the record. She also maintains that the magistrate judge neglected to adequate support his discussion pertaining to the waiver of her right to counsel.[5] The Court disagrees.

---

[5]

 Specifically, Jackson claims that she was under represented during the hearing before the ALJ. Although she concedes that the ALJ attempted to explain the issues before him, it was not covered

The medical records in this case indicate that (1) a majority of the treatment notes that had been proffered by Jackson consisted of routine medical care for headaches and diffuse joint pain, (2) an eye examination in February of 2003 revealed no evidence of diabetic retinopathy, (3) she was successfully treated for a right foot ulcer, and (4) relief of her left toe pain was obtained with the administration of medication.

Contrary to Jackson's assertions, the administrative law judge did engage in a fair explanation of his decision. A review of the record indicates that he gave full consideration to the reports from the various physicians, medical sources, and the vocational expert. Finally and notwithstanding Jackson's allegations to the contrary, she was given an adequate an oral explanation of her right to be represented by counsel during the hearing. There is also evidence that Jackson signed a form which reflected a knowing waiver of her right to counsel. Nothing in the record suggests that she was treated unfairly or was not provided with an opportunity to present her case. Thus, the Court concludes that Jackson's due process rights were not violated.

Following its review of the official record in this cause, the Court is satisfied that the administrative law judge had a sufficient basis upon which to determine that (1) Jackson's application for relief is not supported with substantial evidence, 42 U.S.C. § 405(g), and (2) she is not entitled to receive Supplemental Security Income from the Social Security Administration. Hence, and for the reasons that have been stated above, this Court will, and does, (1) adopt the recommendation of the magistrate judge, (2) deny Jackson's motion for summary judgment, and

---

in detail. Additionally, Jackson contends that she was repeatedly, albeit accidently, stopped by the ALJ when explaining a particular issue. As a result, she was unable to complete her thoughts and testimony. Accordingly, Jackson argues that the ALJ failed to derive an accurate depiction of her ailments.

(3) grant the Commissioner's request for similar relief.


       IT IS SO ORDERED.


Dated: <u>March 20, 2007  </u>                  <u>s/ Julian Abele Cook, Jr.      </u>

       Detroit, Michigan                   JULIAN ABELE COOK, JR.

                                      United States District Court Judge


                       <u>Certificate of Service</u>


     I hereby certify that on March 20, 2007,  I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                       <u>s/ Kay Alford        </u>

                       Courtroom Deputy Clerk